407 A.2d 394

**Louis D. PULEO, Appellant,**

**v.**

**BROAD STREET HOSPITAL**

**and**

**Dr. Eugene Spitz.**

Superior Court of Pennsylvania.

Argued Dec. 5, 1978.

Decided June 8, 1979.

582

Jay Goldstein, Philadelphia, for appellant.

Justin J. McCarthy, Philadelphia, for appellee Broad Street Hospital.

Jay J. Lambert, Philadelphia, for appellee Dr. Eugene Spitz.

Before VAN der VOORT, WIEAND and LIPEZ, JJ.

WIEAND, Judge:

This is an appeal from the entry of a judgment on the pleadings in favor of defendant-appellees on the grounds that plaintiff-appellant's cause of action was barred by the statute of limitations.

Plaintiff's action was commenced on April 13, 1976 by the filing of a praecipe for summons in trespass against Broad Street Hospital and Dr. Eugene Spitz. By complaint thereafter filed, the plaintiff, Louis D. Puleo, charged that unnecessary surgery had been performed on his back on May 30, 1973 and again on June 8, 1973. Spitz and the Hospital filed separate answers in which they alleged, as new matter, that plaintiff's cause of action was barred by the applicable two year statute of limitations.[1] Plaintiff-appellant's reply contained a general averment that his action had been commenced within the time allowed therefor. Motions for judgment on the pleadings were filed by both defendants and granted by the court below. Plaintiff thereupon filed an appeal to this Court and also an application for reconsideration by the trial court.[2] The application for reconsideration was accompanied by an affidavit averring that appellant's "injury was first discovered on May 16, 1974." The trial court denied appellant's application to reconsider and also his request to be allowed to file an amended reply. A second appeal was then filed. Both appeals were consolidated for argument.

Judgment may be entered on the pleadings only in the clearest of cases, when trial would be a fruitless exercise. *Bata v. Central-Penn National Bank of Philadelphia*, 423 Pa. 373, 224 A.2d 174 (1966), *cert. denied*, 386 U.S. 1007, 87 S.Ct. 1348, 18 L.Ed.2d 433 (1967). When considering a motion for judgment on the pleadings a court must limit its review of the facts to those appearing in the pleadings themselves. *Johnson v. United School District Joint School Board*, 201 Pa.Super. 375, 191 A.2d 897 (1963). In the

1. Act of June 24, 1895, P.L. 236, No. 135, § 2, 12 P.S. § 34.

2. This procedure is authorized by Appellate Rule 1701(b).

instant case, the pleadings disclosed clearly and unequivocally that plaintiff's action against the defendants had not been commenced within two years following the allegedly unnecessary surgery. Moreover, the pleadings disclosed no good reason for delaying the accrual of plaintiff's cause of action beyond the dates on which the allegedly unnecessary surgical procedures had been performed.

The applicable rule of law is that a cause of action for malpractice does not accrue until discovery of the injury or at such time as the injury should reasonably have been discovered. *Schaffer v. Larzelere*, 410 Pa. 402, 189 A.2d 267 (1963). The plaintiff's pleadings, however, failed to aver that his discovery of injury had been other than simultaneous with or immediately after the performance of surgery. Therefore, the judgment on the pleadings in favor of defendant-appellees was properly entered.

We are of the opinion, however, that when appellant's application for reconsideration was accompanied by an affidavit reciting that appellant had not become aware of injury from unnecessary surgery until May 16, 1974, an amended pleading should have been allowed. The trial court was of the opinion that, having granted judgment on the pleadings, it could not thereafter permit the requested amendment. This result is not mandated by procedural rule of law.

On the contrary, "[i]t is well settled in this Commonwealth that while the right to amend pleadings is ordinarily a matter resting in the sound discretion of the trial court, amendments should be allowed with great liberality at any stage of the case, unless, of course, they violate the law or prejudice the rights of the opposing party." *Arzinger v. Baughman*, 348 Pa. 84, 86, 34 A.2d 64, 65 (1943). See also: *Bogert v. Allentown Housing Authority*, 426 Pa. 151, 231 A.2d 147 (1967). Where a defect in the pleadings can be cured by amendment, the opportunity to do so will as a general rule be provided. *Lehner v. Montgomery*, 180 Pa. Super. 493, 501, 119 A.2d 626, 630 (1956). The reason is a strong reluctance to foreclose a party because of the failure

or neglect of his counsel. *McFadden v. Pennzoil Company*, 326 Pa. 277, 279, 191 A. 584, 585 (1937). In the instant case, appellees will not be prejudiced by allowing the proposed amendment. See: *Bata v. Central-Penn National Bank of Philadelphia*, 448 Pa. 355, 380–1, 293 A.2d 343, 356–7 (1972), *cert. denied*, 409 U.S. 1108, 93 S.Ct. 910, 34 L.Ed.2d 689 (1973), *rehearing denied*, 410 U.S. 960, 93 S.Ct. 1417, 35 L.Ed.2d 695 (1973).

Thus, even though judgments on the pleadings were properly entered, the trial court, acting upon an application to reconsider, should have permitted appellant an opportunity to amend his reply to aver facts sufficient to avoid the bar of the statute of limitations. Cf. *Lehner v. Montgomery*, supra; *Peters v. Welsh*, 36 Pa.D. & C.2d 55 (Chester Co. 1964). We will reverse the judgment and remand for proceedings consistent with this opinion.

Reversed and remanded for the purpose of permitting plaintiff to file an amended reply if he chooses to do so.

VAN der VOORT, J., concurs in the result.