437 A.2d 453

**Joseph E. BALUSH, Appellant**

v.

**BOROUGH OF NORRISTOWN.**

Superior Court of Pennsylvania.

Argued April 7, 1981.

Filed Nov. 20, 1981.

---

418

Harold Rehfuss, Philadelphia, for appellant.

John O'Rourke, Norristown, for appellee.

Before SPAETH, HOFFMAN and VAN der VOORT, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in dismissing his complaint upon appellee's motion for judgment on the pleadings. We agree and, accordingly, reverse the order of the court below and remand for proceedings consistent with this opinion.

On May 24, 1979, appellant filed a complaint in trespass alleging that he suffered injuries while driving his automobile along a roadway which had been negligently maintained by appellee. Appellee subsequently moved for judgment on the pleadings on the ground that appellant's complaint failed to state a cause of action because it contained no allegation that appellant had sustained medical expenses exceeding $750 as required by section 301(a)(5)(B) of the Pennsylvania No-fault Motor Vehicle Insurance Act,[1] 40 Pa.C.S.A. § 1009.301(a)(5)(B) (the Act). The lower court granted appellee's motion and dismissed the complaint. This appeal followed.[2]

1. Act of July 19, 1974, P.L. 489, No. 176, Art. I.

2. After filing a notice of appeal, appellant filed a timely petition for reconsideration alleging that any defect in his complaint could be cured by amendment. See Pa.R.A.P. 1701(b)(3) (permitting overlapping appeals and petitions for reconsideration). Although the lower court entered a rule to show cause allowing the parties to be heard on appellant's petition for reconsideration, the record before us

Appellant argues first that the lower court should not have granted judgment on the pleadings because facts revealed in discovery showed that he had, indeed, incurred the requisite amount of medical expenses under the Act. We disagree. While it is true that a judgment on the pleadings may be entered "in cases which are so free from doubt that trial would clearly be a fruitless exercise," *Bata v. Central-Penn National Bank of Philadelphia*, 423 Pa. 373, 378, 224 A.2d 174, 178 (1966), *cert. denied*, 386 U.S. 1007, 87 S.Ct. 1348, 18 L.Ed.2d 433 (1967), a court's consideration of such a motion is inherently limited to the well-pleaded facts, admissions, and documents properly attached to the pleadings.

> [A motion for judgment on the pleadings] is in the nature of a demurrer; all of the opposing party's well-pleaded allegations are viewed as true but only those facts specifically admitted by him may be considered against him. . . . *Unlike a motion for summary judgment, the power of the court to enter a judgment on the pleadings is further circumscribed by the requirement that the court consider only the pleadings themselves and any documents properly attached thereto.*

*Id.*, 423 Pa. at 378, 224 A.2d at 178 (emphasis added; footnote and citations omitted). *See also Puleo v. Broad Street Hospital*, 267 Pa. Superior Ct. 581, 584, 407 A.2d 394, 396 (1979); *Bogojavlensky v. Logan*, 181 Pa. Superior Ct. 312, 320, 124 A.2d 412, 416 (1956). "The pleadings in an action are limited to a complaint, an answer thereto, a reply if the answer contains new matter or a counterclaim, a counter-reply if the reply to a counterclaim contains new matter, a preliminary objection, and an answer thereto." Pa.R.Civ.P. 1017(a) (made applicable to actions in trespass through Pa.R. Civ.P. 1041, 2 Goodrich-Amram 2d § 1041:4 (1976)). Consequently, appellant cannot rely upon facts revealed in his

reveals no other action by the lower court within the thirty day appeal period, Pa.R.A.P. 903(a). Accordingly, the appeal is properly before us. *See Hook v. Athens Area School Dist.*, 50 Pa. Commonwealth Ct. 420, 423, 413 A.2d 1151, 1153 (1980). *See also Puleo v. Broad Street Hospital*, 267 Pa. Superior Ct. 581, 407 A.2d 394 (1979).

deposition or answers to interrogatories nor upon documents produced during discovery to defeat a motion for judgment on the pleadings. *Bogojavlensky v. Logan, supra,* 181 Pa. Super. at 320–21, 124 A.2d at 416–417 (cannot rely upon depositions); 2 Goodrich-Amram 2d, *supra* § 1034(a):1. As the lower court properly observed in its opinion, appellant's "[c]omplaint does not allege that he has [met] or will meet the minimum threshold necessary in order to bring a suit for pain and suffering" under the Act.[3] Opinion of the Lower Court at 1–2.

■ Appellant argues also that the lower court should not have dismissed his complaint because his failure to plead the $750 no-fault threshold was a technical defect which could be cured by an amendment to his complaint. We agree. "If the essential elements of a plaintiff's case or a defendant's defense are not pleaded or are admitted the court should, if the defect is clear and not amendable, enter the appropriate judgment." *Bogojavlensky v. Logan, supra,* 181 Pa.Super. at 320, 124 A.2d at 416. However, "if there is a defect in the pleading which could be cured by amendment the judgment [on the pleadings] should not be entered without affording an opportunity to amend." *Id.,* 181 Pa.Super. at 317, 124 A.2d at 415. "[W]hile the right to amend pleadings is ordinarily a matter resting in the sound discretion of the trial court, amendments should be allowed with great liberality at any stage of the case, unless, of course, they violate the law or prejudice the rights of the opposing party." *Puleo v. Broad Street Hospital, supra,* 267 Pa.Super. at 584, 407 A.2d at 396, quoting *Arzinger v. Baughman,* 348 Pa. 84, 86, 34 A.2d 64, 65 (1943). In *Puleo,* this Court reversed a judgment on the

**3.** Because the lower court's disposition of this case turned on the $750 no-fault threshold, 40 Pa.C.S.A. § 1009.301(a)(5)(B), our decision is likewise limited to consideration of whether appellant alleged a cause of action under that provision. We note, however, that appellant also alleged that he sustained "serious, grievous and permanent injuries ..." which may, in appropriate circumstances, constitute a sufficient basis for a cause of action under section 301(a)(5)(A) of the Act, 40 Pa.C.S.A. § 1009.301(a)(5)(A). *See generally* D. Shrager, The Pennsylvania No-fault Motor Vehicle Insurance Act, § 2:6.1 (1979).

pleadings and remanded to allow a plaintiff to amend his complaint to plead facts which would remove the bar of the statute of limitations. 267 Pa. Superior Ct. at 584, 407 A.2d at 396. *Cf. Hillbrook Apartments, Inc. v. Nyce Crete Co.,* 237 Pa. Superior Ct. 565, 574–576, 352 A.2d 148, 153–54 (1975) (judgment on pleadings reversed and appellant allowed to amend complaint to allege that it was real party in interest). Here, as in *Puleo,* appellant filed a timely petition for reconsideration alleging facts which would cure the defect in his complaint. Appellee would suffer no prejudice by allowing appellant to amend his complaint because facts substantiating the omitted allegation had been disclosed during discovery which preceded appellee's motion for judgment on the pleadings. *See Puleo v. Broad Street Hospital, supra* 267 Pa. Super. at 584, 407 A.2d at 396, citing *Bata v. Central-Penn National Bank of Philadelphia,* 448 Pa. 355, 380–81, 293 A.2d 343, 356–57 (1972), *cert. denied,* 409 U.S. 1108, 93 S.Ct. 910, 34 L.Ed.2d 689 (1973). Allowing appellant to amend his complaint is particularly appropriate here considering the unsettled state-of-the-law concerning pleading of the no-fault threshold before our en banc decision in *Bond v. Gallen,* 292 Pa.Super. 207, 437 A.2d 7 (1981) (holding that the statute of limitations begins to run when the plaintiff knows or in the exercise of reasonable diligence should have known that he has reached one of the thresholds of section 301(a) of the Act). Accordingly, we conclude that the lower court should not have entered judgment on the pleadings without allowing appellant the opportunity to amend his complaint. "If it should appear, either on motion for summary judgment or at trial, that appellant did not [satisfy any of the thresholds contained in the Act], the action should be held barred. Otherwise, it should be held to lie." *Id.,* 292 Pa.Super. at 215, 437 A.2d at 12. *Cf. Giannini v. Carden,* 286 Pa. Super. 450, 429 A.2d 24 (1981) (summary judgments properly granted when facts clearly demonstrated that no-fault threshold had not been met).

Order reversed and case remanded for proceedings consistent with this opinion.