459 A.2d 350

**Brian Roger JACOB, Appellant,**

v.

**NEW KENSINGTON Y.M.C.A.**

Superior Court of Pennsylvania.

Argued June 15, 1982.

Filed March 11, 1983.

Reargument Denied May 23, 1983.

Petition for Allowance of Appeal Denied Sept. 6, 1983.

Thomas Hollander, Pittsburgh, for appellant.

John E. Kunz, Pittsburgh, for appellee.

Before BROSKY, JOHNSON and MONTGOMERY, JJ.

MONTGOMERY, Judge:

This appeal arises from the grant of defendant-appellee's motion for judgment on the pleadings on the ground that the action was barred by the statute of limitations.[1] We reverse and remand the matter to the court below.

Plaintiff-appellant allegedly was injured while on the premises of the Young Men's Christian Association of New Kensington on November 15, 1978. Appellant claims that as a result of appellee's negligence, he became permanently and irreversibly quadriplegic. Prior to retaining counsel, appellant's father, on his son's behalf, filed a praecipe for a writ of summons in trespass with the prothonotary of

---

1. Though a motion for leave to amend the plaintiff-appellant's reply to new matter was before the lower court at the same time the motion for judgment on the pleadings was being considered, the court determined that the grant of the motion to amend would not resolve the issue as to whether the action was barred by *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976). The proposed amendment addressed appellee's averment that "[p]laintiff made no effort to have the writ served ...", which was the crux of appellee's statute of limitations argument, with additional responsive information.

Westmoreland County on November 12, 1980. Though the writ was issued by the prothonotary that same day, service upon appellee-defendant was not made prior to its expiration.

A praecipe to reissue the writ of summons was filed by appellant through his attorney on January 29, 1981; and, said writ was reissued on that date. The writ was then delivered to the Westmoreland County sheriff with instructions for service and was served upon appellee-defendant on February 17, 1981.

Appellant contends that the rule in *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976), is not violated where a plaintiff intended to have the writ served immediately, but, due to a misunderstanding on the part of the layman filing the suit on his behalf, the writ was not delivered to the sheriff as required by local rule.

In *Lamp* the plaintiff-appellant's attorney filed a praecipe for a writ of summons within the period permitted by the statute of limitations, but instructed the prothonotary not to deliver the writ to the sheriff for service. A praecipe for reissuance was filed, but service of the writ and its accompanying complaint was not effectuated. No reason was given for the failure to serve this reissued writ. Some two months later another praecipe for reissuance was filed and service was timely made. Both praecipes for reissuance were filed beyond the two year statutory period.

The rule in such cases prior to *Lamp* was based upon a literal interpretation of Pa.R.C.P. 1007 which states in part that

"[a]n action may be commenced by filing with the prothonotary (1) a praecipe for a writ of summons..."

In interpreting Rule 1007, our Supreme Court repeatedly held that the mere filing of a praecipe to commence an action is sufficient to toll the running of the statute of limitations; and, pursuant to Pa.R.C.P. 1010(a), the writ

may be reissued at any time after the original issuance during a period equivalent to that permitted by the applicable statute of limitations for commencement of the action. *See, e.g., Ehrhardt v. Costello,* 437 Pa. 556, 264 A.2d 620 (1970); *Salay v. Braun,* 427 Pa. 480, 235 A.2d 368 (1967); *Zarlinsky v. Laudenslager,* 402 Pa. 290, 167 A.2d 317 (1961).

The *Lamp* court concluded, however, that too much potential for abuse existed "in a rule which permitted a plaintiff to keep an action alive without proper notice to a defendant merely by filing a praecipe for a writ of summons and then having the writ reissued in a timely fashion without attempting to effectuate service." *Lamp v. Heyman, supra,* 469 Pa. at 477, 366 A.2d at 888. As a result, a new rule was enunciated as follows:

"[A] writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Id.,* 469 Pa. at 478, 366 A.2d at 889 (footnote omitted).

The above language, standing alone, negates appellant's contention that this case does not fall within the ambit of *Lamp.* Prior to its enunciation of the new approach, however, the Supreme Court delineated the purpose for the departure from prior cases interpreting Pa.R.C.P. 1007. The Court declared that

"[o]ur purpose is to avoid the situation in which a plaintiff can bring an action, but, by not making a good faith effort to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations." *Lamp v. Heyman, supra,* 469 Pa. at 478, 366 A.2d at 889.

The key phrase in the stated purpose for the present approach is "good-faith effort." Though appellant did not notify appellee of the action in accordance with the service provision of the local rule, he did vicariously assume, based

upon comments made to his father by an employee of the prothonotary, that service would be effectuated absent any further action on his part. As a result, appellant asserts that his intention to have timely service made suffices as a good-faith effort.

Our review of the *Lamp* decision reveals that the Supreme Court clearly intended to abrogate the potential for abuse in cases where the issuance of a writ of summons tolls the statute of limitations. On the other hand, we also interpret *Lamp* as not intending its effect to be the punishment of those who make a good-faith effort to comply with the local rules. This interpretation necessitates a case-by-case analysis of the applicability of *Lamp*.

■ The facts in the case at hand take the matter outside of the *Lamp* rule. As a layman acting on his son's behalf prior to retaining counsel, the inference drawn by appellant's father from certain comments of a member of the prothonotary's office is reasonable.[2] Unlike an attorney who should be familiar with local procedures before commencing an action, a layman does not have the advantage of such familiarity. It is not unreasonable to believe that a layperson would accept without question, or misinterpret, procedural information from an officer of the court. We do not interpret the rule in *Lamp* as automatically binding upon those who find themselves in violation of their local rule regarding service regardless of the surrounding circumstances.[3]

**2.** Though the underlying facts were spelled out in appellant's proposed amended reply to new matter, our analysis of the lower court's denial of the motion to amend, infra, facilitates their inclusion herein.

**3.** We do not limit the application of our interpretation of *Lamp* to laypersons only; nor do we determine that the result will be the same as that herein *whenever* a layperson files a writ of summons. We merely find that *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976), may not always be applicable given the factual circumstances; and, therefore, the question of its application must be dealt with on a case by case basis in order to determine whether a good faith effort to effectuate service was made.

■ Given our finding that some cases may arise to which the *Lamp* rule is not applicable, a problem presents itself in the matter before us. A general allegation as to his intent to serve was made in appellant's reply to appellee's new matter. Specific facts supporting that general assertion were set forth in appellant's amended reply to new matter. The amended reply cannot be considered part of the pleadings herein, however, as appellant's motion to amend his reply was not granted by the court below for reasons noted above.[4] As the lower court's consideration of a motion for judgment on the pleadings is limited to well-pleaded facts, admissions and documents properly attached to the pleadings,[5] *Balush v. Borough of Norristown,* 292 Pa.Super. 416, 437 A.2d 453 (1981), it logically follows that our review of the grant of such a motion is also so limited.

Since the issue of the lower court's denial of appellant's motion to amend his reply was preserved for our review, however, a finding that the denial was erroneous and the amendment should have been permitted would give us leave to consider the allegations made therein.

The additional factual information contained in appellant's proposed amended reply is crucial in light of our interpretation of *Lamp* as set forth hereinbefore. If admitted by appellee or proven by appellant in the face of a denial, these facts would tend toward a showing of a "good-faith effort" to effectuate service. Facts such as those which appellant asked leave of the court below to plead are relevant and necessary for a finding as to the applicability of *Lamp,* and should, therefore, be considered by the court which has taken under advisement a motion for judgment on the pleadings asserting a violation of the

4. See Note 1, supra.

5. Pa.R.C.P. 1017(a): "The pleadings in an action are limited to a complaint, an answer thereto, a reply if the answer contains new matter or a counterclaim, a counter-reply if the reply to a counterclaim contains new matter, a preliminary objection and an answer thereto." Rule 1017, which concerns actions in assumpsit, is made applicable to actions in trespass by Pa.R.C.P. 1041.

statute of limitations based upon an absence of timely service.

 While the right to amend pleadings is a matter within the sound discretion of the trial court, amendments should be allowed unless they violate the law or prejudice the rights of the opposing party. *Bogert v. Allentown Housing Authority*, 426 Pa. 151, 231 A.2d 147 (1967). As appellee herein will not be prejudiced by allowing the proposed amendment, *Bata v. Central-Penn National Bank of Philadelphia*, 448 Pa. 355, 293 A.2d 343 (1972), the lower court should have permitted appellant an opportunity to amend his reply and aver facts sufficient to avoid the bar of the statute of limitations. *See, Puleo v. Broad Street Hospital*, 267 Pa.Super. 581, 407 A.2d 394 (1979).

Judgment reversed and the matter is remanded to the court below to permit appellant to file an amended reply, and to conduct further proceedings consistent with this opinion. Jurisdiction relinquished.

BROSKY, J., files a dissenting opinion.

BROSKY, Judge, dissenting:

I respectfully dissent.

First, my perception of the factual situation presented by this case is quite different from that of the majority. Plaintiff/appellant was represented by counsel at various stages in this proceeding. Appellant's father had contacted present counsel and was instructed by him to file a praecipe for a writ of summons in trespass due to the impending running of the statute of limitations. Counsel's name was entered on the writ. Subsequently, appellant's father met with counsel and formally engaged him to handle the case.

Thus, appellant's father was not merely an unversed layman wandering through confusing courthouse corridors. He had received advice of counsel and entered counsel's name on the writ. That appellant's father erred in not

following the correct service procedures is not properly laid to his status as a layman but is due to counsel's failure to meet his obligations to his client.

Even though the relationship between a potential client and counsel may be transitory and tentative, certain obligations are created by even such a relationship. Among these obligations are informing the potential client of impending statute of limitations difficulties. This was done here—but that alone was not sufficient to discharge his duty. Directing appellant's father to file a writ of praecipe, rather than doing it himself, or at least checking to see that it had been done correctly, was in dereliction of counsel's duty.

Counsel doesn't enter into merely a business relationship with his client, or even with his potential client. Their relationship is freighted with the obligations owed by a professional to his client. Appellant's counsel did not meet those obligations here.

Second, the majority opinion establishes a test by which procedural rule enforcement is dependent upon the bad faith of the violator. As I read it, the language in *Lamp* about bad faith is dicta, merely part of the reasoning of the court, and should not be elevated to the status of a holding. It is an unworkable standard. It would create an additional and complex claim to be litigated with every procedural violation of this type. Further, the logic of the majority decision could create the same kind of difficulty when applied to other procedural rules.

I am mindful of the tragic disability appellant has incurred. In addition, I recognize that the enormity of that tragedy is compounded should appellant not be able to have his day in court to attempt to financially recover for his damages. However, our sympathy with the appellant's position should not lead this court to create an impractical rule that would then have general application.

I would therefore affirm.