465 A.2d 696

**Ruby JOYCE, Appellant,**

v.

**Lowell MANKHAM and Roland Forte and Orkin Exterminating Company.**

Superior Court of Pennsylvania.

Argued April 5, 1983.

Filed Sept. 9, 1983.

Allen L. Feingold, Philadelphia, for appellant.

Thaddeus J. Bartkowski, II, Philadelphia, for appellee.

Before SPAETH, WIEAND and HOFFMAN, JJ.

HOFFMAN, Judge:

This is an appeal from the lower court's granting appellee's motion for summary judgment. We affirm the order, but in finding appellant's contention waived, employ different reasoning than that relied upon by the lower court.

On May 10, 1979, while appellant checked under her car's hood on the shoulder of Interstate 95, another car swerved onto the berm, striking appellant's car and causing her serious personal injuries. In addition to a No-fault Insurance claim, appellant sued Lowell Mankham, a driver identified by eyewitness Roland Forte as the sole cause of the accident. On November 16, 1981, more than two years after the accident, however, after Forte allegedly altered his account of the events at an arbitration hearing on appellant's no-fault claim and blamed himself, appellant petitioned for and was granted leave to join Forte and appellee, his employer, as defendants. Appellee, answering the complaint, raised a statute of limitations defense in new matter. Appellant replied by denying the new matter. After appellee motioned for summary judgment, appellant responded by averring that appellee was estopped from raising the statute of limitations because Forte committed fraud by concealing his involvement until after the statute of limitations period had run. Appellee's motion for summary judgment was granted, prompting this appeal.

Appellant contends that the lower court erred in refusing to find appellee estopped from claiming that the statute of limitations barred her action. Pa.R.Civ.P. 1030 provides

All affirmative defenses, including but not limited to the defenses of ... estoppel ... [and] fraud ... shall be pleaded in a responsive pleading under the heading "New Matter."

Further, all defenses not raised in an answer or reply are deemed waived. Pa.R.Civ.P. 1032 (enumerated exceptions inapplicable). Here, in appellant's reply, she denied appellee's new matter but failed to raise in her own new matter the affirmative defenses. Because affirmative defenses must be part of the pleadings, Pa.R.Civ.P. 1030, appellant's subsequent averment of estoppel and fraud in her answer to appellee's request for summary judgment failed to preserve the issue.[1]

Therefore, because appellant has not properly raised fraud, and her action was brought more than two years after the accident, her claim is barred by the statute of limitations. 42 Pa.C.S.A. § 5524. Accordingly, in the absence of disputed material issues of fact, we affirm the lower court's granting of summary judgment.[2]

Affirmed.

WIEAND, J., files a concurring opinion.

1. Pa.R.Civ.P. 1017(a) provides, "The pleadings in an action are limited to a complaint, an answer thereto, a reply if the answer contains new matter or a counterclaim, a counterreply if the reply to a counterclaim contains new matter, a preliminary objection and an answer thereto."

2. This case may be distinguished from *Straup v. Times Herald,* 283 Pa.Superior Ct. 58, 423 A.2d 713 (1980), where the plaintiffs raised the doctrine of equitable estoppel as "the affirmative basis of their request for injunctive relief" rather than as a defense. *Id.,* 283 Pa.Superior Ct. at 69, 423 A.2d at 719. Here, appellant raised estoppel and fraud specifically to defend against appellee's statute of limitations argument.

We acknowledge a conflict between Pa.R.Civ.P. 1030 and Goodrich-Amram 2d § 1030:4 and the lower court cases relied upon therein. Regardless of nomenclature, however, whether an affirmative defense is raised in new matter or an amendment, *see Schaffer v. Larzelere,* 410 Pa. 402, 189 A.2d 267 (1963), the purpose supporting rule 1030's requirement, that all issues be framed prior to trial, must prevail over any concern that new matter is an inappropriate section in a reply.

564

WIEAND, Judge, concurring:

On May 10, 1979, while Ruby Joyce was looking under the hood of her vehicle, which had been stopped on the shoulder of Interstate 95 in Philadelphia, she was struck and injured by a vehicle driven by Lowell Mankham. An action for personal injuries was commenced against Mankham in the Court of Common Pleas of Philadelphia County on March 19, 1981. On November 16, 1981, more than two years after the accident, Joyce filed, with leave of court, an amended complaint which added Roland Forte and his employer, Orkin Exterminating Company (Orkin), as defendants. The amended complaint contained averments that Forte, while driving a vehicle owned by Orkin, had forced Mankham's vehicle off the road and into Joyce's vehicle. Orkin subsequently filed a motion for summary judgment on the grounds that an action against it was barred by the applicable two year statute of limitations.[1] The court granted the motion and entered summary judgment in favor of Orkin. Joyce appealed.

I agree with the majority that the summary judgment was properly entered. I am unable to agree, however, that the result was required because Joyce failed to include "New Matter" in her reply to the defense of the statute of limitations which had been pleaded in Orkin's answer. Because my reasons for affirming differ from those by which the majority reaches its conclusion, I write this concurring opinion.

Orkin's answer to Joyce's amended complaint contained the following affirmative defense under the heading "New Matter":

1. This action is barred by the applicable statute of limitations, Orkin Exterminating Company, Inc., having been joined in this action more than two years after the cause of action asserted by the plaintiff arose.

Joyce's reply to Orkin's new matter contained the following averment:

---

1. The record fails to disclose the entry of an appearance on behalf of Roland Forte or any activity in the claim against him.

1. Denied. Plaintiff received permission from the Court to join these defendants since their identity did not become known until quite some time after suit was instituted.

The purpose of new matter pleading is " 'to compel a plaintiff to answer the defendant's affirmative defenses during the pleading stage to avoid an unnecessary trial. If the plaintiff answers inadequately, a motion for judgment on the pleadings may be filed.' " *Pisiechko v. Diaddorio,* 230 Pa.Super. 295, 300, 326 A.2d 608, 610 (1974) quoting *Chivers v. School District of Mt. Lebanon,* 6 Pa.Cmwlth. 622, 625, 297 A.2d 187, 189 (1972). Accord: *Witt v. Commonwealth, Department of Banking,* 493 Pa. 77, 84 n. 8, 425 A.2d 374, 377 n. 8 (1981) (Opinion in Support of Remand); *Ruhe v. Kroger Company,* 425 Pa. 213, 216, 228 A.2d 750, 751 (1967); *Enoch v. Food Fair Stores, Inc.,* 232 Pa.Super. 1, 4, 331 A.2d 912, 914 (1974); *Louis v. Clark,* 227 Pa.Super. 547, 550, 323 A.2d 298, 299 (1974); Goodrich-Amram 2d § 1030:5. In the instant case, Joyce's reply contained a denial that the statute of limitations was a bar to her action and an averment that she did not learn of Forte's and Orkin's identity until "quite some time" after suit had been instituted. Had Orkin believed Joyce's reply insufficient, a motion for judgment on the pleadings would have been appropriate. See and compare: *Stein v. Richardson,* 302 Pa.Super. 124, 448 A.2d 558 (1982); *Puleo v. Broad Street Hospital,* 267 Pa.Super. 581, 407 A.2d 394 (1979); *Ritmanich v. Jonnel Enterprises, Inc.,* 219 Pa.Super. 198, 280 A.2d 570 (1971); Pa.R.C.P. 1034; Goodrich-Amram 2d § 1030:5 at 307. However, Orkin filed no motion for judgment on the pleadings. More specifically, Orkin has never contended that Joyce's reply was inadequate because it failed to contain "new matter."

When the majority nevertheless holds Joyce's reply inadequate because she failed to include "new matter" constituting a defense to the statute of limitations, it misinterprets applicable rules of pleading. Pennsylvania Rule of Civil Procedure 1017(a) provides that the pleadings in an action

are *limited* to: "a complaint, an answer thereto, *a reply if the answer contains new matter or a counterclaim, a counterreply if the reply to a counterclaim contains new matter,* a preliminary objection and an answer thereto." (Emphasis supplied.) See also: *Balush v. Borough of Norristown,* 292 Pa.Super. 416, 419, 437 A.2d 453, 454 (1981); 2 Goodrich-Amram 2d § 1041:4. There is no provision for, nor is it permissible to file a reply containing new matter in response to an answer containing new matter. A reply containing new matter may be filed *only* in response to an answer asserting a counterclaim. See: Goodrich-Amram 2d § 1030:4 at 305 n. 10 and cases cited therein. "The reply corresponds to an answer and should be treated accordingly. *It cannot, of course, contain either new matter or a counterclaim* and it closes the pleadings on the issue initiated by the complaint." Goodrich-Amram 2d § 1030:4 at 305–306 (footnote omitted) (emphasis supplied).

The summary judgment entered by the trial court in this matter was proper, not because Joyce failed to include "new matter" in her reply, but because the entire record disclosed beyond peradventure that her claim against Orkin was barred by the two year statute of limitations.

A motion for summary judgment is provided for by Pa.R.C.P. 1035. Such a motion must be decided according to the pleadings, depositions, answers to interrogatories, admissions on file, and supporting and opposing affidavits. The principles pertaining to motions for summary judgment were restated in *Wilk, Admr. v. Haus,* 313 Pa.Super. 479, 481, 460 A.2d 288, 289 (1983), where a panel of this Court quoted from *Schacter v. Albert,* 212 Pa.Super. 58, 61–62, 239 A.2d 841, 843 (1968), in part as follows:

"On motion for summary judgment the Court must consider the entire setting of the case and all the papers that are included in the record.... One who moves for summary judgment has the burden of demonstrating clearly that there is no genuine issue as to any material fact.... The Court must consider both the record actually presented and the record potentially possible at the time of

trial...." The court is to accept as true all well pleaded facts in the plaintiff's pleadings, as well as the admissions on file, giving to the plaintiff the benefit of all reasonable inferences to be drawn therefrom.... The record must be examined in the light most favorable to the non-moving party.... In passing upon a motion for summary judgment "it is no part of the court's function to decide issues of fact but solely to determine whether there is an issue of fact to be tried. All doubts as to the existence of a genuine issue as to a material fact must be resolved against the party moving for summary judgment."

When a motion for summary judgment has been made and properly supported, "an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in [the] rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." Pa.R.C.P. 1035(d). See also: *Tom Morello Construction Co., Inc. v. Bridgeport Federal Savings & Loan Assn.*, 280 Pa.Super. 329, 421 A.2d 747 (1980).

In the instant appeal, it is argued that Roland Forte, the employee of Orkin, was guilty of fraud because he concealed his conduct in forcing Mankham off the road. This argument cannot prevail. In the first place, the only suggestion of fraud comes from Joyce's counsel. There is neither pleading, deposition, answer to interrogatory, admission or affidavit in this record to support the argument that a fraudulent concealment of the facts was perpetrated upon Joyce. The "memorandum of law" filed by counsel in the trial court was not a document to be considered by the trial court in deciding the motion for summary judgment. *Toth v. Philadelphia*, 213 Pa.Super. 282, 286, 247 A.2d 629, 631 (1968). On appeal, counsel's memorandum has no greater effect than an argument presented, without record support, in the appellate brief. Similarly, an averment of fraud cannot be raised for the first time in an unverified answer to a motion for summary judgment. A motion for

summary judgment requires no answer. Opposing affidavits, however, may be submitted. Pa.R.C.P. 1035(d). Here, no opposing affidavits were submitted.

Moreover, Forte's concealment of his involvement in the accident, even if concealment were present, would not estop Orkin, the employer, from asserting the bar of the statute of limitations unless Orkin participated in some way in the concealment. A person is not responsible legally for fraudulent misrepresentation unless he made the misrepresentation himself or authorized another to make it for him or in some other way participated therein. See: *Snell v. Commonwealth, State Examining Board,* 490 Pa. 277, 280, 416 A.2d 468, 469 (1980). See also: *McNair v. Weikers,* 300 Pa.Super. 379, 392, 446 A.2d 905, 911–912 (1982). Appellant has neither suggested in argument nor averred under oath that Orkin authorized or participated in the concealment which she seeks to attribute to Forte. Cf. *DeRugeriis v. Brener,* 237 Pa.Super. 177, 348 A.2d 139 (1975), *appeal dismissed,* 471 Pa. 103, 369 A.2d 1215 (1977).

Finally, the conduct of Roland Forte upon which appellant relies was not the type of fraud which compels a tolling of the statute of limitations. "Under the law of Pennsylvania, it is the duty of one asserting a cause of action against another to use all reasonable diligence to properly inform himself of the facts and circumstances upon which the right of recovery is based and to institute the suit within the prescribed statutory period.... Mere mistake, misunderstanding or lack of knowledge is not sufficient to toll the running of the statute.... *If, however, through fraud or concealment, the defendant causes the plaintiff to relax his vigilance or deviate from his right of inquiry, the defendant is estopped from invoking the bar of the limitation of the action."* *Schaffer v. Larzelere,* 410 Pa. 402, 405, 189 A.2d 267, 269 (1963) (emphasis added) (citations omitted). See also: *Fidelibus v. State Automobile Insurance Association,* 315 Pa.Super. 338, 342, 461 A.2d 1309, 1311 (1983); *Platts v. Government Employees Insurance*

*Company,* 301 Pa.Super. 379, 382, 447 A.2d 1017, 1018 (1982).

In the instant case, appellant knew that she had been struck by Mankham's vehicle and was aware of Forte's presence at or near the scene of the accident. She knew Forte had been a witness to the accident and her counsel had Forte's written statement concerning the same. The fact that Forte denied involvement in the accident or failed to disclose facts which would have enabled appellant to prove his causal connection therewith was not such fraud or concealment as would justify appellant in relaxing her vigilance or deviating from her right of inquiry. To hold otherwise would be to nullify the statute of limitations against any person who denies liability and permit an action against such person whenever evidence to support liability is subsequently obtained, no matter how long after the accident. Here, it is apparent that Forte was not the only source of information regarding the occurrence of the accident. Appellant's failure to discover facts enabling her to state a cause of action against Forte's employer must be attributed to a lack of diligence and not to conduct by Forte or Orkin which could reasonably cause appellant to discontinue or relax her obligation to make inquiry.

For the foregoing reasons, I concur that the judgment entered in favor of Orkin should be affirmed.