## Corsetti v. Yezbak

*Jack H. France,* for plaintiffs.
*Dennis G. Fritsch,* for defendant.

CAPUZZI, *J.,* February 22, 1985—Before the court is defendant's motion for summary judgment seeking a dismissal of the within complaint and judgment against plaintiffs. For the reasons which follow, the motion must be granted and judgment entered accordingly.

The instant cause of action arose out of an automobile-motorcycle accident which occurred on June 29, 1981. On March 31, 1983, plaintiffs filed a praecipe for writ of summons in trespass, which

writ and instructions were delivered for service on April 4, 1983, to the sheriff's office of Fayette County by plaintiffs' counsel, an out-of-county practitioner. The local practice in Fayette County requires out-of-county counsel to pay the sheriff the costs of service before the writ is served. Counsel neglected to advance the service costs, and the writ was not served.

On August 24, 1983, the writ was reissued and service costs advanced. The writ and a copy of the complaint were served upon the defendant on August 29, 1983. Thereafter, the defendant answered and, by way of new matter, asserted, inter alia, that plaintiffs' claims were barred by the applicable two year statute of limitations, 42 Pa.C.S. §5524. In their reply to the new matter, plaintiffs denied the allegations set forth therein and asserted that the statute of limitations was tolled when the writ issued on March 31, 1983.

In the case of Lamp v. Heyman, 469 Pa. 465, 366 A.2d 882 (1976), the Supreme Court held:

"Accordingly, pursuant to our supervisory power over Pennsylvania courts, we rule that henceforth, i.e., in actions instituted subsequent to the date of this decision, a writ of summons shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which served to, stall in its tracks the legal machinery he has just set in motion." Id. at 478, 366 A.2d 889.

Defendant argues that this case falls within the rule of Lamp in that the plaintiffs' failure to pay the required advance service costs constituted a course of conduct which served to stall in its tracks the legal machinery which was set in motion by the issuance of the writ. Conversely, plaintiffs contend that

counsel's failure to advance the service costs was inadvertent conduct resulting from his inexperience and unfamiliarity with the local practice and, as such, removes the matter from the bar of Lamp. In support of their position, plaintiffs cite Jacob v. New Kensington YMCA, 312 Pa.Super. 533, 459 A.2d 350 (1983). In Jacob the Superior Court held that a good faith effort to comply with local practice regarding service is all that is required to satisfy the rule of Lamp.

Since plaintiffs' counsel failed to make any effort whatsoever to determine the local service practice until after the statute of limitations had expired, the court concludes that the plaintiffs' reliance upon the "good faith effort" language of Jacob is misplaced. On point, however, is Weiss v. Equibank, 313 Pa.Super. 446, 460 A.2d 271 (1983), wherein it was held that "by neglecting to do promptly what was necessary to insure service of the writ, the plaintiffs are barred by the Lamp v. Heyman rule." Weiss cited simple neglect to pay service costs as an example of failing to fulfill the responsibility imposed upon plaintiffs or their counsel to see that the requirements for service are promptly carried out.

Instantly, by neglecting to advance service costs in accordance with local custom, albeit unintentional, counsel failed to fulfill the responsibility imposed upon him to do promptly all that which was required of him to insure service of the writ. Consequently, plaintiffs are barred by the Lamp rule.

## ORDER

Defendant's motion for summary judgment is granted and judgment is entered in favor of Thomas Yezbak, Jr., defendant, and against John R. Corsetti and Linda Corsetti, his wife, plaintiffs.