## Russell v. American LaFrance Sales and Service Inc.

*Michael H. Marks*, for plaintiffs.
*Diana L. Reed*, for defendant.

WETTICK, *A.J.*, January 17, 1989—On April 5, 1986, plaintiff husband was injured while riding on a fire engine that collided with a light pole. He contends that the accident occurred because of, inter alia, defects in the manufacture and design of the fire engine. He has instituted this personal injury action to recover damages from the company that designed, manufactured and sold the fire engine.

Plaintiffs commenced this action on March 22, 1988, by filing a praecipe for a writ of summons in civil action. The praecipe identified defendant as American LaFrance Sales and Service Inc., a/k/a General Fire Sales and Service.

Pursuant to plaintiffs' instructions to the sheriff, service was initially attempted at 3961 Baltimore Avenue, Philadelphia, Pennsylvania 19104.* The sheriff's return stated that defendant could not be found at that location. The return also stated that the sheriff had obtained an address at 1450 Crescent Boulevard, Gloucester, New Jersey.

---

*This service attempt tolled the running of the two-year statute of limitations that governs this action and permitted service of a reissued writ for an additional two years. *Jacob v. New Kensington Y.M.C.A.* 312 Pa. Super. 533, 459 A.2d 350 (1983) and cases cited therein.

On May 20, 1988, plaintiffs had the writ reissued. Pursuant to plaintiff's instructions to the sheriff, this writ was served on May 31, 1988, at 5400 Neville Road, Neville Island, Pa.

The subject of this opinion and order of court is plaintiff's request to amend the caption to identify the defendant as American LaFrance, a division of Figgie International.

The two-year statute of limitations has run. Consequently, plaintiffs may not amend to add a new party. However, an amendment to correctly identify an existing party to the action is permitted. *Thomas v. Duquesne Light Co.,* 376 Pa. Super. 1, 545 A.2d 289 (1988).

Both parties engaged in discovery to develop factual information to support their respective positions. In support of the position that they are merely correcting the name of an existing party, plaintiffs have established that American LaFrance, division of Figgie International, manufactured and sold to plaintiff husband's employer the fire engine on which he was riding; that Figgie had a place of business at 5400 Neville Road (this being the address at which the sheriff served the reissued writ); and that the entity known as General Fire Sales and Service Inc. has never designed, manufactured or distributed fire engines. In support of its position that plaintiffs have added a new party, Figgie has established that there is a corporation named General Fire Sales and Service Inc., which was previously located at 3961 Baltimore Avenue, Philadelphia, Pa. and is now located at 1450 Crescent Boulevard, Gloucester, New Jersey; that General Fire distributes fire extinguishing equipment (although it does not manufacture or distribute fire engines); that while General Fire was at one time an independent distributor of Figgie, there has never been any other relationship between the

two companies (i.e. they have always had separate ownership and management); that General Fire previously operated under the name of American LaFrance Sales and Service Inc.; and that General Fire's name was changed from American LaFrance Sales and Services Inc. to General Fire & Services Inc. in 1974 at the request of Figgie.

Plaintiffs may not add a new party to the action after the statute of limitations has run solely because plaintiffs intended to sue that party. If plaintiffs mistakenly identified and served another party, the case law establishes that in the absence of fraud or concealment plaintiffs cannot correct their mistake after the statute of limitations has run. *Saracina v. Cotoia,* 417 Pa. 80, 208 A.2d 764 (1965); *DeRugeriis v. Brener,* 237 Pa. Super. 177, 348 A.2d 139 (1975), appeal dismissed per curiam, 471 Pa. 103, 369 A.2d 1215 (1977). Consequently, plaintiffs' right to amend depends upon whom plaintiffs actually sued.

We look to the appellate court case law addressing requests to change the name of a defendant to learn of the factors that determine whether the right party has been served under the wrong designation or whether a wrong party has been sued. Most cases involve requests to change the name of the defendant where the plaintiff has sued the correct entity but has improperly designated the form in which the entity does business. See, e.g., *Thomas v. Duquesne Light Co., supra; Jacob's Air Conditioning v. Assoc. Heating,* 366 Pa. Super. 430, 531 A.2d 494 (1987); *Gozdonovic v. The Pleasant Hills Realty Co.,* 357 Pa. 23, 53 A.2d 73 (1947); *Paulish v. Bakaitis,* 442 Pa. 434, 275 A.2d 318 (1971). Other cases have considered requests to change the name when defendant was improperly identified because of misleading conduct on defendant's part. *Peaceman v. Tedesco,* 51 Pa. Commw. 544, 414 A.2d 1119

(1980); *DeRugeriis v. Brener, supra.* Neither of these lines of cases is applicable because plaintiffs did not sue the correct entity under the wrong designation and plaintiffs do not claim that there was any fraud or concealment by Figgie.

In the present case plaintiffs seek to name an entity that is separate from and unrelated to the entity named in the complaint. Similar requests were considered by the Pennsylvania appellate courts in *Saracina v. Cotoia, supra,* and *Cianchetti v. Kaylen,* 241 Pa. Super. 437, 361 A.2d 842 (1976).

In *Saracina,* plaintiff was injured when struck by an automobile driven by Robert Cotoia, a minor, that was owned by his father, Anthony Cotoia. The complaint identified defendant as Anthony Cotoia. The complaint alleged that the vehicle was owned and operated by Anthony Cotoia and service was made on Anthony Cotoia. After the statute of limitations had run, plaintiffs sought to amend the complaint to name Robert Cotoia as defendant and to identify him as the operator of the vehicle. The Pennsylvania Supreme Court denied the amendment on the ground that the amendment would introduce a new party after the statute of limitations had run. The court said that it would permit the amendment "[i]f the *right party* was in court as the result of service of process and it was merely his or its designation which was sought to be changed." *Saracina, supra.* (emphasis in original) However, it did not permit the amendment because it found that service was made on Anthony Cotoia so he was the only party before the court. "The return in no way indicates that Robert Cotoia was properly served and is now before the court." *Id.*

In *Cianchetti v. Kaylen, supra,* the plaintiff was struck by an automobile owned and operated by Henry Kaylen. The complaint mistakenly named

Harry Kaylen as the defendant. But service was made on Henry Kaylen at his residence. After the statute of limitations had run, plaintiff sought to amend this complaint to identify defendant as Henry Kaylen. The Pennsylvania Superior Court permitted the amendment because plaintiff was only correcting the identity of the party whom it had sued. The court concluded that plaintiff had sued Henry Kaylen because he was the owner and operator of the vehicle that struck plaintiff, he was the only resident at the address at which service had been made, and he was the only party that was in court as a result of the service of process. The court distinguished *Saracina v. Cotoia* on the ground that in that case "Anthony Cotoia was the only defendant who had been served and therefore was the only defendant before the court." *Cianchetti* at 442, 361 A.2d at 844.

In the present case plaintiffs intended to sue the company that designed, manufactured and sold the fire engine. The only party that was served and, therefore, the only defendant before the court was the party that designed, manufactured and sold this fire engine. Consequently, on the basis of the court's rationale in *Cianchetti, supra,* we find that plaintiffs are seeking only to correct the identity of the party that is already before the court and, thus, we will permit the amendment.

### ORDER OF COURT

On this January 17, 1989, it is hereby ordered that plaintiffs' request to amend the caption is granted.