**[J-25-2021] [OAJC: Todd, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

| | | |
|---|---|---|
| SHARLEEN M. RELLICK-SMITH, | : | No. 23 WAP 2020 |
| | : | |
| Appellant | : | Appeal from the Order of the |
| | : | Superior Court entered March 31, |
| | : | 2020 at No. 919 WDA 2019, |
| v. | : | affirming the Order of the Court of |
| | : | Common Pleas of Indiana County |
| | : | entered March 25, 2019 at No. 32- |
| BETTY J. RELLICK AND KIMBERLY V. | : | 14-0490. |
| VASIL, | : | |
| | : | ARGUED: April 14, 2021 |
| Appellees | : | |

## DISSENTING OPINION

**JUSTICE MUNDY**                                         **DECIDED: OCTOBER 20, 2021**

I join Chief Justice Baer's dissenting opinion. I write separately to emphasize that Judge Hanna's order denying the motion for judgment on the pleadings did not preclude Appellees from amending their complaint to correct the pleading error. Further, I have concerns about the implications the Opinion Announcing the Judgement of the Court's (OAJC) holding will have on Pennsylvania's liberal amendment standard.

I agree with Chief Justice Baer that the coordinate jurisdiction rule does not apply in this case because the procedural posture of the case and the legal inquiry involved were different when Judge Bianco granted leave to amend than they were when Judge Hanna denied the motion for judgment on the pleadings. Additionally, I add that nothing in Judge Hanna's order precluded Appellees from amending the complaint. Instead, Judge Hanna deemed waived, for purposes of deciding the motion for judgment on the pleadings, the affirmative defense of the statute of limitations because Appellees did not

plead that defense in their answer. Trial Ct. Op., 6/22/15, at 3 (Hanna, J.) (stating Appellees' "failure to raise a statute of limitations defense within their answer filed on October 22, 2014 is deemed a waiver."); *accord* Pa.R.C.P. 1032. Judge Hanna did not decide the issue of whether Appellees could later amend their answer to include that defense. Further, Judge Hanna did not declare that the defense was waived with prejudice, merely that it was "deemed a waiver" at the stage of judgment on the pleadings.[1]

Additionally, reading Judge Hanna's order as denying Appellees the ability to subsequently amend their pleadings is not consistent with Pennsylvania law, which liberally permits amendments that are not prejudicial to the opposing party. Pennsylvania Rule of Civil Procedure 1033 provides that a party may amend a pleading at any time with consent of the adverse party or by leave of court. Pa.R.C.P. 1033(a). Further, "[t]he amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted." *Id.* This Court has recognized that "[l]eave to amend lies within the sound discretion of the trial court and the right to amend should be liberally granted at any stage of the proceedings unless there is an error of law or resulting prejudice to an adverse party." *Werner v. Zazyczny*, 681 A.2d 1331, 1338 (Pa. 1996) (internal citation and quotation marks omitted). Further, our intermediate appellate courts have consistently concluded that "[p]leadings may be amended at the discretion of the trial court after pleadings are closed, while a motion for judgment on the pleadings is pending,

---

[1] The OAJC belittles this point by suggesting that a deemed waiver of an affirmative defense, based solely on the failure to plead it, has a preclusive effect on a party's ability to later amend the answer to include that affirmative defense. OAJC at 11-12 n.6. The OAJC's position that a pleading defect can operate as a final waiver of an affirmative defense is not, and has never been, the law in Pennsylvania, as discussed herein.

at trial, after judgment, or after an award has been made and an appeal taken therefrom." *Biglan v. Biglan*, 479 A.2d 1021, 1025-26 (Pa. Super. 1984); *see also, e.g.*, *Newcomer v. Civil Serv. Comm'n of Fairchance Borough*, 515 A.2d 108, 111 (Pa. Cmwlth. 1986). This Court has explained that the purpose of Rule 1033 is "to prevent the case from turning on purely technical objections." *Keller v. R.C. Keller Motor Co.*, 124 A.2d 105, 106 (Pa. 1956); *see also Wm. Penn Parking Garage, Inc. v. City of Pittsburgh*, 346 A.2d 269, 278 (Pa. 1975) ("hyper-technicality and formalism in pleading [are] contrary to the modern practice of allowing free amendment in order to promote resolution of cases in [sic] their merits."). Additionally, the Superior Court has held that even after a trial court grants judgment on the pleadings on the basis that the statute of limitations barred the action, it should give the opposing party an opportunity to amend its pleadings to avoid the statute of limitations. *Puleo v. Broad St. Hosp.*, 407 A.2d 394, 396 (Pa. Super. 1979).

The OAJC holds that, under the coordinate jurisdiction rule, Judge Hanna's ruling that Appellees' statute of limitations defense was deemed waived precluded a second trial judge from granting leave to amend to correct the defective pleading. This undermines the liberal amendment standard engrained in Pennsylvania jurisprudence. Based on Rule 1033 and the cases applying it discussed above, it is clear that Judge Hanna would have had the discretion to grant Appellees leave to amend their answer to include a statute of limitations defense, despite her earlier ruling deeming it waived. If Judge Hanna retained that discretion, I fail to see how the coordinate jurisdiction rule removes that discretion from a subsequent judge in the same procedural posture.[2] To

---

[2] The OAJC selectively quotes a portion of this sentence to suggest my position is inconsistent. OAJC at 11-12 n.6. However, my point is that the subsequent judge, Judge Bianco, was in the same procedural posture as Judge Hanna would have been if she had evaluated the motion to amend the answer, which is a different procedural posture than she was in while deciding the motion for judgment on the pleadings. Because Judge Hanna would have discretion to grant leave to amend, despite her earlier ruling deeming

conclude that one trial judge may permit leave to amend after deeming a defense waived based on a pleading defect, but a judge of coordinate jurisdiction cannot grant leave to amend in the same situation gives a windfall to litigants whose case has been reassigned. Further, I am concerned that the OAJC's holding could be readily applied to cases involving only one trial judge such that once a trial judge decides preliminary objections, or a motion for judgment on the pleadings, or a motion for summary judgment, that judge is precluded from granting leave to amend in a manner that would "overrule" the prior decision. This would encourage the "hyper-technicality and formalism in pleading" that Rule 1033's liberal amendment standard was enacted to prevent. *Wm. Penn Parking Garage*, 346 A.2d at 278. Accordingly, I dissent.

Justice Saylor joins this dissenting opinion.

---

the defense waived, the subsequent judge also must have that discretion. *See Puleo*, 407 A.2d at 396.