J-A27013-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, NATIONAL ASSOCIATION | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SEAN GALLAGHER AND HAIRONG WANG | : | No. 169 EDA 2018 |
| | : | |
| Appellants | : | |

Appeal from the Order Entered December 6, 2017
In the Court of Common Pleas of Northampton County Civil Division at
No(s):  C-48-CV-2012-5631

BEFORE:  BOWES, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY BOWES, J.:                    **FILED MAY 02, 2019**

Sean Gallagher and Hairong Wang appeal from the entry of summary judgment in favor of JPMorgan Chase Bank, National Association ("Bank"), in this mortgage foreclosure action.  We affirm.

On October 17, 2006, Appellants executed a mortgage and promissory note in the principal sum of $407,000.00 for the purchase of property located at 980 Cosenza Court, Folks Township, Pennsylvania ("the property"). Pursuant to the note, the loan amount was to be payable in equal, consecutive, monthly installments of principal and interest in the amount of $2,606.07. The mortgage, which was executed in favor of Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Weichert Financial Services ("WFS"), was duly recorded by the Northhampton County Recorder

of Deeds on October 26, 2006. The mortgage was subsequently transferred to Bank.[1]

Appellants defaulted under the terms of the loan documents by failing to pay the monthly mortgage payment due on February 1, 2011, and every month thereafter. On May 4, 2011, a notice of intent to foreclose on the mortgage was mailed to Appellants at the property. Appellants failed to cure their default within the time proscribed by the notice. On June 11, 2012, Bank filed a complaint in mortgage foreclosure seeking an *in rem* judgment against Appellants in the amount of $429,861.82, plus interest, costs, and fees. Appellants filed an answer, new matter, and a counterclaim. Bank filed a reply to the new matter and counterclaim.

Appellants subsequently filed a petition for leave to file an amended answer, new matter, and counterclaims. The proposed amended answer attached to the petition contained eighty-four assertions of new matter, and four counterclaims seeking damages based on breach of contract, and violations of the federal Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601-1616, federal Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601-2617, and Pennsylvania's Unfair Trade Practices and Consumer

---

[1] The record is unclear as to when the transfer occurred. Bank avers in its brief that it has had the note since 2007. However, it appears undisputed that the assignment of the mortgage was not recorded by the Northhampton County Recorder of Deeds until March 22, 2012.

Protection Law ("UTPCPL"), 73 P.S. §§ 201-1-2-1-9.3. Bank opposed the petition.

Following a hearing, the trial court granted in part and denied in part Appellants' petition. Specifically, the trial court ruled that because the action was strictly an *in rem* proceeding, Appellants were not permitted to file their proposed counterclaims, all of which sought money damages and none of which arose from the execution of the mortgage documents. ***See*** Trial Court Opinion, 12/18/15, at 3-5. The trial court additionally determined that "much of the offered new matter contained in the proposed answer appears to attempt to bolster and/or lay a factual foundation for [Appellants'] proposed counterclaims, which the court has already found to be impermissible in this action." ***Id***. at 5-6 (cleaned up). Accordingly, the trial court forbade any amendment that added new matter pertaining to any of the prohibited counterclaims. ***Id***. at 6. Further, because Bank had averred that it possessed the original promissory note and attached to its reply to new matter a copy of the original promissory note signed by Appellants, the trial court determined that the pleadings had already introduced the issue of whether Bank would be able to prove that it was the real party in interest, and prohibited any additional averments in the amended answer challenging the chain of possession or Bank's possession of the note. ***Id***. at 7. Nevertheless, the trial court determined that Appellants could amend their answer to include new matter alleging non-receipt of notice of default and acceleration or notice of

- 3 -

transfer of the mortgage, and challenging the authenticity of their signatures on the mortgage documentation. *Id*. at 8. Given the extent of the limitations imposed by the trial court, however, it specifically cautioned Appellants "to forgo filing the entire proposed answer, mostly notably its overabundance of legal conclusions, [and] to carefully tailor any amended answer and new matter they may file to conform to the [trial c]ourt's analysis." *Id*. at 8 n.2 (cleaned up).

On January 7, 2017, Appellants filed an amended answer which, like the proposed amended answer, contained eighty-four assertions of new matter. Bank filed preliminary objections on the basis that the filing failed to conform to the trial court's order because it was "virtually identical" to the proposed amended answer and new matter the trial court prohibited Appellants from filing. Bank's Preliminary Objections, 1/26/16, at 3. The trial court agreed, and on April 4, 2016, it entered an order sustaining Bank's preliminary objections and dismissing the amended answer and new matter, with prejudice.[2]

Bank ultimately filed a motion for summary judgment supported by, *inter alia*, the affidavit of Bank employee Joseph G. Devine. Attached to Mr. Devine's affidavit were copies of the promissory note signed by Appellants and

---

[2] Because Appellants' amended answer and new matter was dismissed, it never became the operative pleading, and Appellants' original answer, new matter, and counterclaim is, therefore, the operative pleading.

indorsed in blank without recourse,[3] as well as the mortgage, the assignment of mortgage to Bank, and the records of Appellants' payment history and default. Bank additionally relied on Appellants' admissions and general denials in their answer, the latter of which Bank claimed should be deemed as admissions to the averments in the complaint. Appellants filed a response in opposition. The trial court determined that Appellants' general denials constituted admissions, and by order dated December 6, 2017, granted summary judgment in Bank's favor. Appellants filed a timely notice of appeal and a court-ordered Pa.R.A.P 1925(b) concise statement of errors complained of on appeal raising twenty-two issues.[4] The trial court responded by filing a

_____

[3] If the holder of an instrument indorses it in blank, the instrument becomes payable to the bearer, and may be negotiated by transfer of possession alone until specially indorsed. *J.P. Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1266 (Pa.Super. 2013) (citing 13 Pa.C.S § 3205(b)).

[4] Although Rule 1925(b) dictates that, without more, the number of issues raised in a concise statement will not be grounds for finding waiver, this principle applies only "[w]here non-redundant, non-frivolous issues are set forth **in an appropriately concise manner**[.]" Pa.R.A.P. 1925(b)(4)(iv) (emphasis added); *see also Mahonski v. Engel*, 145 A.3d 175, 181 (Pa.Super. 2016). However, Pennsylvania courts have repeatedly held that an appellant waives all matters for review where he identifies an outrageous number of issues in the concise statement. *See Jones v. Jones*, 878 A.2d 86 (Pa.Super. 2005) (holding that a seven-page, twenty-nine issue statement resulted in waiver); *see also Kanter v. Epstein*, 866 A.2d 394, 401 (Pa.Super. 2004) (holding that by raising an outrageous number of issues in a Rule 1925(b) statement, an appellant impedes the trial court's ability to prepare an opinion addressing the issues on appeal, thereby effectively precluding appellate review). Here, the twenty-two issues raised in Appellants' concise statement are excessive, as well as redundant. While we could find waiver on this basis, we decline to do so.

Pa.R.A.P 1925(a) opinion which incorporated by reference its December 6, 2017 order.

Appellants raise the following issues for our review:

1. Did the court below err as a matter of law or abuse its discretion in limiting the new matter that the Appellants could assert, along with barring any counterclaims that the Appellants could assert against the Bank?

2. Did the court below err as a matter of law in dismissing the Appellants' new matter that asserted defenses to the claims made in the mortgage foreclosure complaint?

3. Did the court below err as a matter of law in granting the Bank's preliminary objections and in dismissing the Appellants' new matter, as they were integral to the entire case, particularly the creation of the mortgage and note, upon which the [Bank] is relying?

4. Did the court below err as a matter of law in granting the [Bank's] motion for summary judgment?

Appellants' brief at 4 (cleaned up).[5]

In their first issue, Appellants challenge the trial court's order denying, in part, their petition to file the proposed amended answer, new matter, and

_____

[5] Appellants' issues, as presented in the argument section of their brief, do not conform to the issues as stated in their statement of questions presented. *See* Pa.R.A.P. 2119(a) (providing that "[t]he argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein"). Whereas Appellants raise four issues in their statement, their argument contains only three sections. *See id*. Further, in their argument, Appellants do not discuss the issues in the order indicated in the statement. We will address the issues in the order presented in the statement.

counterclaims.[6]  An appellate court's standard of review of a trial court's order denying a party leave to amend a pleading is limited to considering whether the trial court erred as a matter of law or abused its discretion. **Schwarzwaelder v. Fox**, 895 A.2d 614, 621 (Pa.Super. 2006).

Pennsylvania Rule of Civil Procedure 1033(a) permits amendment of pleadings and provides that "[a] party, either by filed consent of the adverse party or by leave of court, may at any time . . . amend the pleading." However, while Rule 1033(a) provides a method for amending a pleading, it does not provide any party the automatic right to amend its pleading.  **See id**. (requiring consent or leave of court to amend a pleading).  While the right to amend should not be withheld when there is some reasonable possibility

---

[6] Bank argues that Appellants may not appeal the trial court's December 18, 2015 and April 4, 2016 orders because they are interlocutory orders, and Appellants failed to seek permission to appeal them under Pa.R.A.P. 1311 within thirty days of their entry.  Bank's brief at 14.  Bank is correct in that the trial court's December 18, 2015, and April 4, 2016 orders are, indeed, interlocutory orders that were not appealable of right under Pa.R.A.P. 311. However, those orders became appealable upon entry of a final order, **see** Pa.R.A.P. 341, which, in this case, occurred when the trial court entered summary judgment in favor of Bank.  **See Betz v. Pneumo Abex, LLC**, 44 A.3d 27, 54 (Pa. 2012) (stating that "an appeal of a final order subsumes challenges to previous interlocutory decisions"); **see also K.H. v. J.R.**, 826 A.2d 863, 871 (Pa. 2003) (holding that in the context of a single action, a notice of appeal filed from the entry of judgment will be viewed as drawing into question any prior non-final orders that produced the judgment).  While Appellants could have requested permission to appeal those interlocutory orders under Pa.R.A.P. 1311, they were not required to do so, and their decision not to do so did not divest them of their ability to appeal those orders upon entry of a final order in the case.  **See** Pa.R.A.P. 311(g)(1) (providing that, generally, a failure to file an appeal of an interlocutory order does not waive any objections to the interlocutory order).

that the amendment can be accomplished successfully, "where allowance of an amendment would . . . be a futile exercise, the [pleading] may be properly dismissed without allowance for amendment." ***Wiernik v. PHH U.S. Mortg. Corp.***, 736 A.2d 616, 624 (Pa.Super. 1999).

Further, Rules of Civil Procedure 1141 to 1150 govern mortgage foreclosure actions in Pennsylvania. Rule 1141(a) provides that a mortgage foreclosure action "shall not include an action to enforce a personal liability." This restriction is equally applicable to a mortgagee and a mortgagor. ***See Newtown Village P'ship v. Kimmel***, 621 A.2d 1036, 1037 (Pa.Super. 1993). As this Court has explained:

> Mortgage foreclosure in Pennsylvania is strictly an *in rem* or "*de terries*" proceeding. Its purpose is solely to effect a judicial sale of the mortgaged property. The holder of a mortgage note can decide whether to file a foreclosure action or to file an *in personam* assumpsit action on the note, but the actions are not usually combined.
>
> Rule of Civil Procedure 1148, which governs which counterclaims are permissible in a mortgage foreclosure action, states:
>
>> A defendant may plead a counterclaim which arises from the same transaction or occurrence or series of transactions or occurrences from which the plaintiff's cause of action arose.
>
> We have held that this rule is to be interpreted narrowly, and only counterclaims that are part of or incident to the creation of the mortgage relationship itself are to be permitted. Therefore, Rule 1148 does not permit a counterclaim arising from a contract related to the mortgage, such as a contract for sale of real property. Nor does it permit counterclaims where the facts giving rise to the counterclaims occur after the creation of the mortgage and after the mortgagors were in default. Thus, in Pennsylvania, the scope of a foreclosure action is limited to the subject of the

foreclosure, *i.e.*, disposition of property[,] subject to any affirmative defenses to foreclosure or counterclaims arising from the execution of the instrument(s) memorializing the debt and the security interest in the mortgaged property. While Rule 1148 does not govern affirmative defenses listed as new matter, such defenses must be more than a restatement or continuation of an impermissible counterclaim.

*Nicholas v. Hofmann*, 158 A.3d 675, 696-97 (Pa.Super. 2017) (cleaned up).

Appellants claim that the trial court erred in restricting the new matter and counterclaims that they were permitted to file in their amended answer. According to Appellants, their petition to amend "not only stated meritorious and valid defenses to the Bank's complaint in mortgage foreclosure, they also set forth technical defenses to the manner in which the mortgage, note[,] and assignment of mortgages were handled." Appellants' brief at 34 (unnecessary capitalization omitted). Appellants further claim that "[a]s [they] averred that this information was only proven through discovery and expert witnesses, after their original answer, new matter[,] and counterclaim had already been filed, [they] should have been allowed to conform their pleadings with the evidence that had been discovered." *Id*. (unnecessary capitalization omitted).

While Appellants assert that they should have been granted leave to file their amended pleading, as proposed, they provide only vague and generalized argument in support of their position. *See* Pa.R.A.P. 2119(a) (providing that the parties' briefs must include a discussion of each question raised on appeal and a "citation of authorities as are deemed pertinent"). Appellants do not identify any particular counterclaim or averment of new

matter prohibited by the trial court from inclusion in the amended answer. Thus, we are unable to discern which counterclaims or averments of new matter Appellants are challenging in this appeal. Moreover, the argument portion of Appellants' brief does not contain meaningful discussion of, or citation to, relevant legal authority. Appellants' brief at 32-35. While the portion of the argument pertaining to Appellants' issue does contain reference to boilerplate case law discussing the general preference for liberal amendment of pleadings in this Commonwealth, this section completely lacks any citation to case law pertinent to the proposed counterclaims and new matter, nor any discussion or developed analysis relevant to the propriety of their inclusion in the amended answer. As we have explained:

> The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention. This Court will not act as counsel and will not develop arguments on behalf of an appellant. Moreover, we observe that the Commonwealth Court, our sister appellate court, has aptly noted that mere issue spotting without analysis or legal citation to support an assertion precludes our appellate review of a matter.

*Coulter v. Ramsden*, 94 A.3d 1080, 1088-89 (Pa.Super. 2014) (cleaned up).

Here, the argument portion of Appellants' brief is entirely bereft of any citation to pertinent legal authority or developed analysis relevant to the issue. Appellants' brief at 32-35. This lack of comprehensible legal discussion or

analysis precludes meaningful appellate review. Accordingly, we conclude that the issue is waived.

Apparently advocating their second and third issues, Appellants argue that the trial court erred by sustaining Bank's preliminary objections to the amended answer and new matter, and by dismissing that pleading with prejudice. Appellants' brief at 36-40. Our standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. *Khawaja v. RE/MAX Cent.*, 151 A.3d 626, 630 (Pa.Super. 2016).[7] When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court. *Id*.

Appellants do not deny that they defied the trial court's directive by including in their amended answer the proposed eighty-four assertions of new

---

[7] While we are mindful that, when preliminary objections are asserted in the nature of a demurrer, *see* Pa.R.Civ.P. 1028(a)(4), our standard of review is different. *See Kuren v. Luzerne Cty.*, 146 A.3d 715, 753 (Pa. 2016) (stating that, in examining the propriety of an order sustaining a preliminary objection in the nature of a demurrer, a court may do so "only when, based on the facts pleaded, it is clear and free from doubt that the complainant will be unable to prove facts legally sufficient to establish a right to relief"). Here, however, Bank did not assert preliminary objections in the nature of a demurrer. Rather, its preliminary objections were based on the failure of Appellants' amended pleading to conform to the trial court's explicit order limiting the content of the new matter, and its failure to state their defenses in a concise and summary form with sufficient specificity. *See* Pa.R.Civ.P. 1019(a), Pa.R.Civ.P. 1028(a)(2), (3).

matter without redaction of the content expressly prohibited by the trial court. Nor do they dispute that their amended answer and new matter failed to conform to Pa.R.Civ.P. 1019(a) and Pa.R.Civ.P. 1028(a)(3). Appellants cite to no legal authority suggesting that their decision to violate the trial court's explicit order, or the Pennsylvania Rules of Civil Procedure, can simply be overlooked. *See* Pa.R.A.P. 2119(a). Instead, Appellants essentially argue that they purposefully ignored the trial court's ruling and included in the amended new matter defenses related to the prohibited counterclaims to prevent waiver and create a record in the event of an appeal.[8] Appellants' brief at 37. Appellants also superficially argue that "[t]his case presents many issues regarding the involvement in the execution and recording of the instant mortgage and note, the existence and/or legality of mortgage assignment, and other legal rights and duties of [MERS]." *Id*. at 38-39.

Here, the trial court determined that the amended answer and new matter filed by Appellants was virtually identical to the proposed answer and new matter previously rejected by the court. As the trial court explained:

> [Appellants] evidently ignored the bulk of the court's directives, filing . . . an amended answer and new matter, which, save for

---

[8] In support of their position, Appellants rely on **BAC Home Loans v. Gubrud**, 3285 EDA 2012 (Pa.Super. 2014) (unpublished memorandum). Appellants' brief at 37. Presently, Pennsylvania law does not permit Appellants to rely on unpublished memoranda decisions of this Court as controlling or persuasive authority. **But see Order Amending Rule 126 of the Pennsylvania Rules of Appellate Procedure**, No 278 (Pa. 2019) (recently amending Pa.R.A.P. 126, and providing that non-precedential unpublished memoranda decisions of this Court filed after May 1, 2019 may be cited for their persuasive value).

the elimination of . . . "counterclaims," this pleading was identical to that which the court had previously found to contain impermissible averments. In no way did [Appellants] carefully tailor their pleading to conform to the court's . . . analysis, and, contrary to the court's prior directive, it continues to contain, under the heading "new matter," "affirmative defenses that are nothing more that restatements or continuations of [the prohibited] counterclaims." [Trial Court Opinion, 12/18/15,] at 6.

Furthermore, [Appellants'] pleading fails to conform to Pa.R.C[iv].P. 1019(a) and Pa.R.C[iv].P. 1022, which provide, respectively, that "[t]he material facts on which a cause of action is based shall be stated in a concise and summary form," and that "[e]ach [consecutively numbered] paragraph shall contain as far as practicable only one material allegation." Given [Appellants'] failure to conform their pleading to the Rules of Civil Procedure and choice to deliberately ignore this court's directives after the court granted them an opportunity to file a late amendment, we find that said pleading should be dismissed.

Trial Court Opinion, 4/4/16, at 2 (unnecessary capitalization omitted).

Given Appellants' deliberate failure to conform their amended pleading to the trial court's explicit directive, *see* Pa.R.Civ.P. 2018(a)(2), and failure to adhere to applicable procedural rules, *see* Pa.R.Civ.P. 1019(a) and Pa.R.Civ.P. 1022, we cannot conclude that the trial court erred in sustaining Bank's preliminary objections.[9] Thus, Appellants' second and third issues warrant no relief.

---

[9] We additionally observe that Appellants had already created a record of the defenses they wanted to assert by including them in their petition for leave to file an amended answer, new matter, and counterclaims.

In their final issue, Appellants challenge the trial court's order granting Bank's motion for summary judgment. This Court's scope and standard of review of a trial court's order granting summary judgment is well-settled:

We review an order granting summary judgment for an abuse of discretion. Our scope of review is plenary, and we view the record in the light most favorable to the nonmoving party. A party bearing the burden of proof at trial is entitled to summary judgment whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report. In response to a summary judgment motion, the nonmoving party cannot rest upon the pleadings, but rather must set forth specific facts demonstrating a genuine issue of material fact.

**Bank of Am., N.A. v. Gibson**, 102 A.3d 462, 464 (Pa.Super. 2014) (citations omitted). Furthermore, we are guided by the following:

[t]he holder of a mortgage has the right, upon default, to bring a foreclosure action. The holder of a mortgage is entitled to summary judgment if the mortgagor admits that the mortgage is in default, the mortgagor has failed to pay on the obligation, and the recorded mortgage is in the specified amount.

**Id**. at 464-65 (citation omitted); **see also First Wisconsin Trust Co. v. Strausser**, 653 A.2d 688, 694 (Pa.Super. 1995). (providing that summary judgment is proper in mortgage foreclosure actions where the mortgagor admits the delinquency of his mortgage payments). "This is so even if the mortgagors have not admitted the total amount of the indebtedness in their pleadings." **Cunningham v. McWilliams**, 714 A.2d 1054, 1057 (Pa.Super. 1998).

Additionally, in a mortgage foreclosure action, the mortgagors and mortgagee are the only parties with sufficient knowledge upon which to base

a specific denial. ***New York Guardian Mortg. Corp. v. Dietzel***, 524 A.2d 951, 952 (Pa.Super. 1987); ***see also*** Pa.R.C.P. 1029(b), 1141(b). Thus, responsive pleadings in a mortgage foreclosure action must contain specific denials. ***Gibson***, ***supra*** at 466-67; Pa.R.C.P. 1029(b). General denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing must be considered an admission of those facts. ***Strausser***, ***supra*** at 692.

We first observe that the trial court granted Bank's motion for summary judgment, in part, on the basis of Appellants' admissions and general denials to the averments in the foreclosure complaint, the latter of which it deemed to be admissions. Trial Court Opinion, 12/6/17, at 2-3. In their answer, Appellants admitted that, on October 17, 2006, they executed the mortgage to the property in favor of MERS, as the mortgagee, and that the mortgage was duly recorded in the Office of the Recorder of Deeds of Northhampton County. Answer, 8/6/12, at ¶3. Appellants further admitted that the property is the subject of the mortgage at issue in this foreclosure action. ***Id***. at ¶4. Appellants claimed that they did not have to respond to, and thus offered only a general denial to the averment that they failed to make the monthly payment of principal and interest due February 1, 2011, and each month thereafter, and that, upon such failure, the entire principal and balance and all interest due thereon became collectible. ***Id***. at ¶5. Appellants also generally denied that "notice of intention to foreclose as set forth in Act 6 of

- 15 -

1974 and/or notice of default as required by the mortgage document, as applicable, has been sent to [Appellants] on the date(s) set forth thereon."[10] *Id*. at ¶8 (cleaned up).

In light of Appellants' admission in their answer that they executed the relevant promissory note and mortgage, Appellants possessed sufficient knowledge to specifically admit or deny Bank's allegations in the complaint. *Dietzel*, *supra* at 952. In particular, their denial of averments that they failed to make payments and the calculation of sums due provided by Bank are factual situations of which Appellants had knowledge, and therefore constitute admissions if generally denied. *See Bayview Loan Servicing, LLC v. Wicker*, 163 A.3d 1039, 1044 (Pa.Super. 2017) (holding that "general denials constitute admissions where . . . specific denials are required"); *see also Strausser*, *supra* at 692 (stating that general denials "as to the principal and interest owing [on the mortgage] must be considered an admission of those facts"). Here, Appellants' general denials relating to mortgage default constitute admissions. *See Wicker*, *supra* at 1044. Accordingly, the trial court properly found that there were no issues of material fact and Bank was entitled to summary judgment.

While we could end our analysis here, we will nevertheless address the additional bases upon which Appellants challenge the entry of summary

---

[10] Appellants specifically denied that any amount was due on the promissory note, and claimed that it was paid in full. Answer, 8/6/12, at ¶6.

judgment for Bank. *See* Appellants' brief at 15-31. Appellants initially challenge the evidence supporting Bank's motion for summary judgment on the basis that the affidavit of Mr. Devine was "a mirror image of the motion for summary judgment and add[ed] nothing by way of fact or proof to the [Bank's] allegations as set forth in the complaint." Appellants' brief at 16 (cleaned up). According to Appellants, Mr. Devine's affidavit is deficient because he did not attest to his personal knowledge of Bank's record-keeping practices and procedures, thereby rendering any records he relied upon as inadmissible under the business records exception at 34 Pa.Code § 131.69[11] and Pa.R.E. 6108. Relying on *Nanty-Glo v. American Surety Co.*, 163 A. 523 (Pa. 1932),[12] Appellants claim that Mr. Devine's uncontradicted affidavit could not support a grant of summary judgment.

Appellants are correct that, under *Nanty-Glo*, entry of summary judgment based on the moving party's oral testimony is ordinarily prohibited. The record reflects, however, that Mr. Devine's affidavit referenced and attached copies of the promissory note signed by Appellants and endorsed in

---

[11] Section 131.69 is inapplicable to the instant proceedings, as it pertains to an affidavit of a records custodian in response to a subpoena *duces tecum* in administrative practice before workers' compensation judges. *See* 34 Pa.Code § 131.69.

[12] In *Nanty-Glo*, our Supreme Court ruled that oral testimony alone, either through testimonial affidavits or depositions, of the moving party or the moving party's witnesses, even if uncontradicted, is generally insufficient to establish the absence of a genuine issue of material fact for purposes of summary judgment.

blank without recourse, as well as the mortgage, the assignment of mortgage to Bank, and the records of Appellants' payment history and default. Devine Affidavit, 7/24/17, at ¶¶3, 4, 5, 11, Exhibits A, B, C, D, and F. Hence, this was not a mere "testimonial affidavit" barred by **Nanty-Glo**. Instead, it was documentary evidence supported by Mr. Devine's affidavit. **See Telwell Inc. v. Grandbridge Real Estate Capital, LLC**, 143 A.3d 421, 427-28 (Pa.Super. 2016) (holding that **Nanty-Glo** is not implicated when an affidavit is supported by documentary evidence, including the promissory note). Moreover, **Nanty-Glo** is not implicated when an affidavit in a mortgage foreclosure action is also supported by the defendants' admissions. **See Gibson**, **supra** at 466; **see also Sherman v. Franklin Regional Med. Ctr.**, 660 A.2d 1370, 1372 (Pa.Super. 1995) ("An exception to [the **Nanty-Glo**] rule exists . . . where the moving party supports the motion by using admissions of the opposing party."). Here, in moving for summary judgment, Bank did not rely solely on Mr. Devine's affidavit, but also relied on Appellants' admissions and general denials, which were deemed admissions by the trial court. Thus, the **Nanty-Glo** rule was not implicated herein.

Additionally, Mr. Devine's affidavit complied with the standards applicable to affidavits offered in support of motions for summary judgment in civil proceedings filed in this Commonwealth. Rule 1035.4 of our Rules of Civil Procedure provides that, in reference to motions for summary judgment, "[s]upporting . . . affidavits shall be made on personal knowledge, shall set

forth such facts as would be admissible in evidence, and shall show affirmatively that the signer is competent to testify to the matters stated therein." Additionally, pursuant to § 6108(b) of the Uniform Business Records as Evidence Act:

> **(b) General Rule.**-A record of an act, condition or event shall, insofar as relevant, be competent evidence if the custodian or other qualified witness testifies to its identity and the mode of its preparation, and if it was made in the regular course of business at or near the time of the act, condition or event, and if, in the opinion of the tribunal, the sources of information, method and time of preparation were such as to justify its admission.

42 Pa.C.S.A. § 6108(b). "As long as the authenticating witness can provide sufficient information relating to the preparation and maintenance of the records to justify a presumption of trustworthiness of the business records of a company, a sufficient basis is provided to offset the hearsay character of the evidence." *Boyle v. Steiman*, 631 A.2d 1025, 1032-33 (Pa.Super. 1993).

> In his affidavit, Mr. Devine attested that
>
> I make this Affidavit based upon my review of those records relating to the [promissory note and mortgage] and from my own personal knowledge of how they are kept and maintained. The business records are maintained by [Bank] in the course of its regularly conducted business activities and are made at or near the time of the event, by or from information transmitted by a person with first-hand knowledge. It is the regular practice of [Bank] to keep such records in the ordinary course of a regularly conducted business activity.

Devine Affidavit, 7/24/17, at ¶6. Mr. Devine's affidavit clearly satisfied the requirements of Rule 1035.4 and § 6108(b). He attested that he was a Bank employee authorized to execute the affidavit, and that he did so based on his

- 19 -

personal knowledge and review of Bank's records, which were prepared in the regular course of business at or near the time of the events described therein. Devine Affidavit, 7/24/17, at ¶¶1, 6. Attached to Mr. Devine's affidavit were copies of the promissory note signed by Appellants and endorsed in blank without recourse, as well as the mortgage, the assignment of mortgage to Bank, and the records of Appellants' payment history and default. *Id*. at ¶¶3, 4, 5, 11, Exhibits A, B, C, D, and F. Mr. Devine's affidavit and supporting documents, coupled with Appellants' admissions and general denials, established a *prima facie* case of mortgage foreclosure. Accordingly, we find no merit to Appellants' challenge to the evidence supporting Bank's motion for summary judgment.

Appellants also argue that summary judgment was inappropriate because discovery had not yet been completed on unidentified "open discovery issues." Appellants' brief at 17. Appellants claim that they sought through discovery the production of documents within the exclusive possession of Bank, "[y]et the bank objected to much of the discovery, and did not or could not produce original documents." *Id*. at 24.

Appellants fail to identify any particular discovery request directed to Bank, nor any allegedly deficient response thereto. *See* Pa.R.A.P. 2119(c) (providing that "[i]f reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a

reference to the place in the record where the matter referred to appears"). Moreover, Appellants fail to identify the place in the record where they preserved any discovery challenge for our review. *See* Pa.R.A.P. 2119(e) (providing that "[w]here under the applicable law an issue is not reviewable on appeal unless raised or preserved below, the argument must set forth, in immediate connection therewith or in a footnote thereto, either a specific cross-reference to the page or pages of the statement of the case which set forth the information relating thereto"). Notably, nowhere on the docket is there any motion filed by Appellants to compel Bank's discovery responses. *See* Pa.R.A.P. 302(a) (providing that "[i]ssues not raised in the lower court are waived and cannot be raised for the first time on appeal"). Therefore, we deem this argument waived.

Appellants assert that summary judgment was improper because they denied "key elements" of Bank's claim in their answer and in their response to Bank's motion for summary judgment. Appellants' brief at 18. Appellants additionally argue that the issues and claims raised in their amended answer and new matter "were still in issue at the time of the Bank's [m]otion for [s]ummary [j]udgment," and precluded the entry of summary judgment. Appellants' brief at 20-23.

We find no merit in Appellants' contention that the defenses asserted in the amended answer and new matter were "in issue" so as to preclude the entry of summary judgment for Bank. The trial court dismissed Appellants'

amended answer and new matter on April 4, 2016, rendering it a legal nullity. Bank filed its motion for summary judgment more than one year later, on July 31, 2017. Thus, Appellants' amended answer and new matter clearly was not "in issue" when the trial court ruled on Bank's motion for summary judgment. Moreover, in response to a motion for summary judgment, the non-moving party may not rest upon mere allegations or denials of the pleadings. Pa.R.C.P. 1035.3(a); *see also Dietzel*, *supra* at 952 (holding that summary judgment was appropriate where appellants offered nothing to contradict appellee's claims except the denial in their answer). Thus, in order to avoid the entry of summary judgment, it was not sufficient for Appellants to simply rely on the denials asserted in their answer or assertions made in their response to Bank's motion for summary judgment. Rather, Appellants were required to come forward with "evidence in the record controverting the evidence cited in the motion [for summary judgment]" or "evidence in the record establishing the facts essential to the cause of action or defense which the motion [for summary judgment] cites as not having been produced." Pa.R.C.P. 1035.3(a)(1), (2).

Here, Appellants offered no evidence of record demonstrating that they made any monthly mortgage payment on or after February 1, 2011, such that the mortgage was not in default. Indeed, Appellants point us to no place in the record where they presented the trial court with any evidence to raise a genuine issue of fact in response to Bank's motion for summary judgment.

*See Washington Fed. Sav. & Loan Ass'n*, 515 A.2d 980, 983 (Pa.Super. 1986) ("In order to properly raise a genuine issue of fact, [the appellant] had the burden to present 'facts' by counter-affidavits, depositions, admissions, or answers to interrogatories."). Accordingly, we find no merit to this claim.

Appellants also challenge Bank's standing to enforce the note, claiming that Bank did not provide proof that it controls the note through the production of records establishing transfer and assignment to Bank. Appellants assert that, because Bank failed to produce any evidence documenting the transfer or assignment of the note from Weichert Financial Services to Bank, it has not demonstrated that it controlled the note or is entitled to enforce it.

It is well-established that the mortgagee is the real party in interest in a mortgage foreclosure action, even when it is the assignee of the mortgage. *CitiMortgage, Inc. v. Barbezat*, 131 A.3d 65, 68-69 (Pa.Super. 2016). The holder of the mortgage maintains the right, upon a borrower's default, to initiate a foreclosure action. *McWilliams*, *supra* at 1056-57; *Gibson*, *supra* at 464-65. The foreclosing party can prove standing either by showing that it (1) originated or was assigned the mortgage, or (2) is the holder of the note specially indorsed to it or indorsed in blank. *J.P. Morgan Chase Bank, N.A. v. Murray*, 63 A.3d 1258, 1267-68 n.6; *Barbezat*, *supra* at 68. Here, the trial court concluded, based on the evidence Bank produced in support of its motion for summary judgment, that Bank had standing to enforce the note because it established (1) the complete chain of assignments and that it is the

current mortgagee and real party in interest; and (2) that it is the current holder of the original note. *See* Trial Court Opinion, 12/6/17, at 3. As the record amply supports the trial court's determination, we will not disturb its ruling.

Appellants next argue that Bank shredded the original loan documents and improperly converted the loan into an Electronic Signatures in Global and National Commerce Act ("ESIGN") document, thereby transforming the paper note that they executed into an e-note. According to Appellants, MERS, as the original lender, did not disclose in the note, mortgage, or other loan documents that Appellants executed that the loan and loan documents would be converted to an ESIGN document. Appellants assert that Bank and MERS inserted a new paragraph permitting them to change a paper note into an e-note. Appellants claim that enforcement of the note would violate both ESIGN and the Uniform Electronic Transactions Act ("UETA").

Appellants' claim concerns matters occurring after the mortgage documentation was executed. *See Strausser*, *supra* at 695. Thus, it does not raise a valid defense to Bank's complaint in these *in rem* mortgage foreclosure proceedings. *Id*. Moreover, the trial court specifically determined

that Bank possessed the original note. *See* Trial Court Opinion, 12/6/17, at 3. Accordingly, this claim warrants no relief.[13]

Finally, relying on *Green Tree Consumer Disc. Co. v. Newton*, 909 A.2d 811, 814 (Pa.Super. 2006), Appellants request this Court to exercise its equitable powers to vacate the trial court's entry of summary judgment in favor of Bank. *Green Tree* has no applicability here as it involved the assertion of counterclaims to recoup or set off damages for claims under the Home Improvement Finance Act with respect to a home improvement loan. The Court in *Green Tree* observed that "the general rule is that a recoupment claim is an improper defense to a mortgage foreclosure." *Green Tree*, *supra* at 815. Nevertheless, the Court in *Green Tree* recognized an exception to this general rule where the mortgage was made as an integral part of the home improvement loan, incorporated the terms of the home improvement contract, was recorded with that contract, and was signed by a person alleged to be incompetent and legally incapable of signing. *See id*. at 815. This case, which presents what the Court in *Green Tree* called "a typical mortgage

---

[13] Even if this claim was properly related to the execution of the mortgage documents, it was not raised in Appellants' answer to the complaint; therefore, it was not preserved for our review. *See* Pa.R.C.P. 1032(a) (enumerated exceptions inapplicable). Raising an affirmative defense for the first time in response to a motion for summary judgment waives the issue. *See Joyce v. Mankham*, 465 A.2d 696, 697 (Pa.Super. 1983) (holding that because an affirmative defense must be part of the pleadings, the subsequent averment such a defense in an answer to a motion for summary judgment fails to preserve the issue).

foreclosure where the owners have taken out a loan to fund the purchase of a home and then defaulted on the payments," *id.*, exhibits none of the facts that gave rise to ***Green Tree***'s exception to the normal rule.

We conclude that the trial court did not commit an error of law or abuse its discretion in entering the orders complained of herein.

Orders affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/2/19